**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IAM NATIONAL PENSION FUND, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 26-cv-11181 |
| | ) | |
| vs. | ) | JUDGE: |
| | ) | |
| DREIS AND KRUMP MANUFACTURING CO., | ) | MAGISTRATE JUDGE: |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

NOW COMES Plaintiff, the IAM NATIONAL PENSION FUND (the "Fund"), by and through its attorneys, JOHNSON & KROL, LLC, and complains of the Defendant DREIS AND KRUMP MANUFACTURING CO. ("Defendant"), stating as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331 and 28 U.S.C. §1337.

2. Venue is proper in this Court pursuant to 29 U.S.C § 1132(e)(2), because Defendant resides in, may be found in, and Defendant's breach took place in, the Northern District of Illinois, Eastern Division. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Fund's claim occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Fund is a jointly administered trust fund established and maintained pursuant to Section 302(c)(5) of the Labor-Management Relations Act (29 U.S.C. § 186(c)(5)).

4. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between local and/or district lodges affiliated with the International Association of Machinists & Aerospace Workers, AFL CIO ("International Union") and employers, and is therefore a multiemployer plan, employee pension benefit plan, and pension plan under 29 U.S.C. § 1002.

5. The Fund's offices are located at 99 M Street SE, Suite 600, Washington, DC 20003.

6. Defendant is an Illinois corporation with its principal place of business located at 481 South Governors Highway, Suite 2, Peotone, Illinois 60468.

7. Defendant is an "employer" as defined by 29 U.S.C. § 1002(5) and is engaged in an industry affecting commerce as defined by 29 U.S.C. § 1002(12).

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

8. The Fund re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. District 8, International Association of Machinists and Aerospace Workers, AFL-CIO ("District 8") is a district lodge affiliated with the International Union.

10. District 8 and Defendant entered into a collective bargaining effective August 1, 2017, through December 31, 2019 ("CBA-17").

11. In the CBA-17, Defendant bound itself to make contributions to the Fund at rates outlined in the CBA-17.

12. Pursuant to the CBA-17, Defendant also bound itself to the Fund's Trust Agreement and any rules adopted by the Fund's Trustees.

13. In February 2020, District 8 and Defendant entered into an extension agreement which extended the terms of CBA-17 from January 1, 2020, through December 31, 2023 ("CBA-20"). (A copy of the extension agreement with CBA-17 is attached as **Exhibit A**).

14. In the CBA-20, Defendant bound itself to make contributions to the Fund at rates outlined in the CBA-20. (**Exhibit A**).

15. Pursuant to the CBA-20, Defendant also bound itself to the Fund's Trust Agreement and any rules adopted by the Fund's Trustees. (**Exhibit A**).

16. In December 2023, District 8 and Defendant agreed to be bound by a successor collective bargaining agreement effective from January 1, 2024, through December 31, 2026 ("CBA-24"). (A copy of CBA-24 is attached as **Exhibit B**).

17. Pursuant to CBA-24, Defendant bound itself to make contributions to the Fund at rates outlined in the CBA-24. (**Exhibit B**).

18. Pursuant to the CBA-24, Defendant also bound itself to the Fund's Trust Agreement and any rules adopted by the Fund's Trustees. (**Exhibit B**).

19. Pursuant to CBA-17, CBA-20, and CBA-24 (collectively, the "CBAs"), Defendant is required to pay contributions to the Fund for its covered employees. (**Exhibit A**); (**Exhibit B**).

20. Pursuant to its Trust Agreement, the Fund most recently amended its Policy for the Collection of Delinquent Contributions ("Collection Policy") in 2025. (A copy of the Trust Agreement is attached as **Exhibit C**); (A copy of the Collection Policy is attached as **Exhibit D**).

21. The CBAs and Trust Agreement require that Defendant make pension contributions for eligible employees to the Fund. (**Exhibit A**); (**Exhibit B**); (**Exhibit C**).

22. The Collection Policy requires contributions to be remitted to the Fund no later than "the twentieth (20th) day of the month following the month for which the contributions are being paid." (**Exhibit D**).

23. The Collection Policy states that contributions become delinquent if not received by the Fund on or before the last business day of the month in which contributions are due. (**Exhibit D**).

24. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBAs, the Trust Agreement, and the Collection Policy, employers who fail to pay contributions when due are responsible for the payment of (a) liquidated damages equal to 20% of the amount due, (b) simple interest on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received, and (c) reasonable attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

25. During the period of June 2021 through March 2024, Defendant was late in its payment contributions to the Fund on multiple occasions. As a result of the late payments, Defendant owes $2,514.13 in interest under the Collection Policy and the Trust Agreement.

26. Defendant has a continuing obligation to make monthly contributions to the Fund, and the Fund intends to seek judgment in this action for any future contributions that become delinquent during the pendency of this litigation pursuant to the Trust Agreement and Collection Policy.

27. Defendant's failure to pay the outstanding interest for previously delinquent contributions constitutes a breach of its continuing obligations under the CBAs, the Trust Agreement, the Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

28. The Fund has been required to employ the undersigned attorneys to collect monies that are due and owing from Defendant.

29. Defendant is obligated to pay the reasonable attorney's fees and court costs incurred by the Fund pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests as follows:

(a) That judgment be entered in favor of the Fund and against Defendant in the amount of $2,514.13 for its breach of the CBAs, Trust Agreement, and Collection Policy;

(b) That this Honorable Court enter judgment in favor of the Fund and against Defendant for any amounts discovered to be owed in addition to those set forth in Paragraph (a);

(c) That Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Fund pursuant to the CBA, Trust Agreement, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

(d) That the Fund have such other and further relief as the Court may deem just and equitable all at Defendant's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Dated: September 14, 2026

Respectfully Submitted,

**IAM NATIONAL PENSION FUND**

/s/ Ricardo Alvarez
Ricardo Alvarez (6352617)

JOHNSON & KROL, LLC
141 W. Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 788-2917
Email: alvarez@johnsonkrol.com

*Attorney for Plaintiff*